# City of Galesburg
v.
# Sophia Rahn.

*Municipal . Corporations—Negligence of — Defective Sidewalk—Personal Injuries — Delay of Plaintiff in Calling Physician, Whether Negligence—Instructions—Degree of Care Required of City.*

1. In an action brought against a city to recover damages for an injury resulting from a fall which was alleged to have been caused by a defect in a sidewalk, this court holds that the evidence justified a finding of negligence on the part of the city.

2. The fact that the plaintiff delayed for some time to call in a physician and treated her injury herself, was not conclusive of negligence on her part, although the evidence of physicians was that the injury required prompt surgical treatment.

[Opinion filed December 12, 1892.]

Appeal from the Circuit Court of Knox County; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. E. W. Welch, City Attorney, and Williams, Lawrence & Bancroft, for appellant.

Mr. Fletcher Carney, for appellee.

Mr. Justice Cartwright. Appellee sued appellant for damages on account of an injury to her foot, sustained in passing over a plank crossing in the city of Galesburg.

On a trial the jury returned a verdict for appellee for
$500, on which a judgment was entered. Appellant con-
tends that the judgment should be reversed because there
was no evidence on the trial of negligence on its part, nor
that the permanent injury to appellee was attributable in
any considerable degree to the accident, and also for the
reason that the damages allowed were excessive, and because
of errors in giving and refusing instructions.

Appellee proved on the trial the following facts: On the
second Sunday in October, 1889, at about nine o'clock in the
evening, while walking home from church with her hus-
band, she stepped in a hole in the crossing and fell forward
with her foot fast in the hole. Her husband extricated her
foot from the hole, but when released she could not walk.
The shoe was taken off and she tried to walk in that way,
but was unable to do so, and the shoe was put on again and
she walked home with much difficulty and pain. The foot
was injured in front of the instep and was swollen. She
applied liniment and arnica and such home remedies as were
recommended to her, but the foot did not get well. About
three months after the accident she called a doctor who
treated the injury. He found the foot injured between the
toes and the instep, and it suppurated and was lanced twice
by the doctor, and was treated by him four or five months.
The foot was afterward treated by another doctor three or
four months. During all this time appellee suffered pain,
and was unable to get around except with much difficulty.
At the time of the trial the big toe joint was stiff, and a
metatarsal bone was denuded of the periosteum, and this
condition was permanent. The hole in question was eight-
een inches long, four inches wide at one end, and about two
inches wide at the other, and it was caused by the rotting
of the plank, which was old. There was also evidence of a
positive character that the hole had been there for about a
month before the injury, and there was no conflicting evi-
dence on that question except that it had not been noticed
by casual observers. There had been no direct inspection
or examination of the crossing by the city officials during

City of Galesburg v. Rahn.

that period.   The defect was not the result of recent accident, and the jury were justified in accepting as true the evidence that the hole had been there for some time as claimed by appellee.   Under this proof we think the charge of negligence was sustained.

The claim that the permanent injury is not attributable to the fall is founded on the fact that appellee did not send for a doctor, and on the claim that the condition of the bone and joint was due to delay and improper treatment. The medical testimony was to the effect that the injury required prompt treatment by a doctor, and that the continued application of liniments was injurious.   The evidence, however, comes far from proving that the result would have been different if a doctor had been summoned.   It rather seems plain that the doctors were still somewhat puzzled at the trial to tell what was the matter with the foot when they were called, or what was the nature of the injury.   About all they could do was to describe the external appearances when they first saw the foot.   It does not seem strange that the injury was regarded at first by appellee as a sprain and as not particularly serious, nor that she acted on her own knowledge and experience and the experience of the neighbors, who called on her and tendered advice, as is usual in such cases.   The jury knew from observation and experience that people of reasonable care and prudence do not customarily employ a doctor on the occasion of each bruise or sprain.   We do not think that appellee was guilty of negligence in not sending for a doctor at an earlier date. The injury was serious, and we do not regard the damages as excessive.

It is objected to the second instruction given for appellee that it assumed that there was evidence of such a defective condition of the crossing, as of itself to prove a want of reasonable care on the part of the city.   The instruction does not assume the existence of the defect, but it is expressly made a condition to the legal conclusion stated, that the jury shall find the facts from the evidence.   The instruction is not subject to the objection.   Another objec-

tion is made to this instruction, but it is raised for the first time in the reply brief of appellant and will therefore not be noticed. The fourth instruction for appellee is also criticised on account of a failure to recognize appellee's knowledge of the crossing. This was an instruction defining the term ordinary care, and was not objectionable as such. It was not a recital of facts, upon which a rule of law was predicated, and there was no occasion for inserting facts to be found. The fifth instruction required of the city authorities such care as an ordinary, careful and prudent man would use under the circumstances, and it is said that this is erroneous, because every ordinary man has better opportunities for observing all his possessions than has a city, and no ordinary individual has such interests to look after as a city, so that it must be an extraordinary individual who could look after the crossings of a city, as well as an individual would look after his own property. The objection results from a misapprehension of the instruction. It does not require that one individual should look after the whole city of Galesburg, nor that the conduct of the officials should be compared with the management of private property, but only that they should exercise such care as an ordinarily careful and prudent man would use under the same circumstances in which they were placed. The modification of appellant's first instruction was necessary and proper. All that was of value to appellant in the fourth instruction asked by it and refused, was contained in other instructions which were given, and which were fully as favorable to appellant as the law would justify. This instruction was misleading in character, in that it might readily be understood by the jury as a direction to find for appellant.

The judgment will be affirmed.

*Judgment affirmed.*